# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES HOLLIDAY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-105-JMS-DKL |
| | ) |
| J. F. CARAWAY, *Warden*, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for a Writ of Habeas Corpus**

James Holliday, a former inmate at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, based on his claim that the enhancement of his sentence pursuant to the Armed Career Criminal Act ("ACCA") is unsupported.

**Background**

Holliday is serving a term of imprisonment imposed by the United States District Court for the District of Massachusetts based on his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Holliday*, 2011 WL 3511471 (D. Mass. Aug. 11, 2011). Holliday's sentence for this offense was enhanced under the ACCA, 18 U.S.C. § 922(e)(1). *United States v. Holliday*, 457 F.3d 121, 122 (1st Cir. 2006). Holliday challenged both his conviction and his ACCA enhanced sentence on direct appeal. *See id*.

In 2008, Holliday moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Holliday asserted thirteen separate claims upon which he alleged an entitlement to post-conviction relief. *See United States v. Holliday*, 2011 WL 3511471 (D. Mass.

2011) (unpublished). In 2011, his § 2255 motion was denied. Holliday then brought this § 2241 in this Court.

## Discussion

Holliday brings this challenge to his sentence pursuant to 28 U.S.C. § 2241. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Holliday argues that he was incorrectly sentenced under the ACCA because the prior convictions used to enhance his sentence "were never proven by certified judgments and reliable documentation." But this argument was previously presented and rejected in his direct appeal to the First Circuit. *See Holliday*, 457 F.3d at 129. Considering the opinion Holliday relies on here, *Shepard v. United States*, 544 U.S. 13 (2005), the Court of Appeals stated:

> Whether or not the district court acted within its discretion in considering the police reports relating to the 1979 crime is immaterial here. *Cf. Shepard v. United States,* 544 U.S. 13, 26 (2005) (holding that a district court may not rely on police reports in making factual findings as to whether a defendant's previous guilty plea to violating a "nongeneric" burglary statute could be counted as a conviction subject to the Armed Career Criminal Act). The government presented uncontested

> evidence, through court records, that the defendant had been convicted of four other crimes that qualified him for conviction pursuant to the Armed Career Criminal Act. The defendant does not contend that he could have evaded the Act if his 1979 conviction were disregarded

*Holliday*, 457 F.3d at 129-30. Because Holliday's argument that his sentence enhancement was not supported by proper evidence could have been, and in fact was, presented to the court in which he was convicted, he has not satisfied the requirement for relief under § 2241 that he relies on a new case that was decided after his first Section 2255 motion but is retroactive.

To the extent that Holliday can be understood to argue that the prior convictions used to enhance his sentence failed to qualify as violent felonies under the ACCA, this argument fails for the same reason. In considering his § 2255 motion, the District of Massachusetts explained that Holliday had been convicted of four other crimes that qualified him for conviction pursuant to the Armed Career Criminal Act. *United States v. Holliday*, 2011 WL 3511471, at *6 (D. Mass. Aug. 11, 2011). Holliday has not identified a new case of statutory interpretation that has been made retroactive on collateral review that could not have been presented at the time his § 2255 motion was filed in 2008 or decided in 2011. Accordingly, Holliday has not shown his entitlement to relief under § 2241 and his petition must be dismissed.

### Conclusion

Holliday has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____02/10/2015_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

James Holliday
24596-083
Leavenworth USP
P.O. Box 1000
Leavenworth, KS 66048

All electronically registered counsel